■ CITY OF BINGHAMTON, Respondent, v. ARLINGTON HOTEL, INC., Appellant.—AULISI, J. Appeal from an order of the Supreme Court at Special Term, entered October 25, 1968 in Broome County, which denied appellant's motion to vacate or modify a notice of discovery and inspection dated June 5, 1968. Petitioner, hereinafter the city, appropriated property of respondent in connection with its Urban Renewal program. Upon referral to Commissioners of Appraisal, respondent moved for discovery and inspection of certain appraisals made on behalf of the City. This was granted and affirmed by this court (*City of Binghamton* v. *Arlington Hotel*, 30 A D 2d 585), whereupon the city served notice pursuant to CPLR 3120 (subd. [a]) for the Hotel to produce and permit discovery of "All appraisals of the subject property, except the appraisal to be used on trial." Respondent's motion for a protective order (CPLR 3122) was denied and this appeal is taken from that ruling. Respondent's principal objection to the city's notice and the basis for the requested protective relief is that the notice fails to designate specifically the documents which the city seeks to examine. Required of every notice pursuant to CPLR 3120 is that the documents sought to be examined be specifically identified (*Rios* v. *Donovan*, 21 A D 2d 409) and specified with reasonable particularity (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3120.17). The disputed notice is deficient in this regard, and as presently broadly phrased, would appear to encompass all appraisals in respondent's possession even those prepared for litigation, material to which the City is not entitled, absent special circumstances (CPLR 3101, subd. [d]). That the notice make reference to specific documents is essential, for only then can a proper determination be

made by the party served whether the items sought to be examined constitute privileged material and an appropriate protective order be applied for. Order reversed, on the law and the facts, with costs, and motion to vacate notice granted. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Cooke, JJ., concur in memorandum by Aulisi, J.